WILLIAM T. MILLER, PLAINTIFF IN ERROR, v. THE CITY OF CAMDEN ET AL., DEFENDANTS IN ERROR.

Argued March 14, 1900—Decided June 18, 1900.

On error to the Supreme Court.

For the plaintiff in error, *John W. Wescott* and *John J. Crandall.*

For the defendants in error, *Edward G. C. Bleakly.*

PER CURIAM.

The judgment in this case must be affirmed, for the reasons given by Mr. Justice Collins in his opinion in the Supreme Court. See *ante p.* 201.

MAGIE, CHANCELLOR (dissenting). Before March 24th, 1899, when the act entitled "An act providing for the annexation of the town of Stockton, in the county of Camden, and the territory embraced therein, to the city of Camden in said county," was approved, the town of Stockton was regulated as to its internal affairs by general laws.

The city of Camden was theretofore regulated as to its internal affairs by a special charter which had been enacted before the amended constitution had prohibited local and special legislation.

It does not admit of a question that on March 24th, 1899, the legislature possessed no power to pass an act containing the provisions and regulations contained in the charter of Camden and applying them to the town of Stockton. Such legislation, beyond doubt, would be local and special, and as such expressly prohibited by the amended constitution.

Since legislation, which directly applied to the locality in question, such special regulations would be conspicuously lacking in constitutionality, it follows, in my judgment, that legislation, having no purpose whatever except to produce by indirection, the same result is equally prohibited.

The situation is identical with that presented in the case of *Dempsey* v. *Newark,* 24 *Vroom* 4, where the question was whether the conjunction of two legislative acts, which would produce the result of regulating the municipal affairs of a single municipality, fell under the ban of the constitutional prohibition. Upon that question the learned jurist, Chief Justice Beasley, thus expressed himself: "This constitutional provision is a regulation of the legislative power in whatever form or forms it may exert itself, whether directly through the instrumentality of a single statute, or indirectly by the co-efficiency of several. I unhesitatingly conclude, on this

point, that the legislation now in question is liable to precisely the same constitutional objections as it would have been had the force inherent in those two acts been deposited in one of them."

Special laws creating new municipalities or annexing municipalities or altering the bounds of existing municipalities, in my opinion, can only be upheld when the created municipality or the annexed and severed portions find the regulation of their internal affairs in some existing general laws such as the legislature possesses the power to pass. Such legislation falls within the constitutional prohibition if the new municipalities are compelled to find the regulation of their internal affairs in some existing local and special law which could not be constitutionally enacted. After careful reconsideration I find myself compelled to dissent from the conclusion of my associates and to adhere to the views expressed by me in *Long Branch* v. *Sloane,* 20 *Vroom* 356 ; *Lakewood* v. *Brick,* 26 *Id.* 275.

*For affirmance*—DEPUE. (CHIEF JUSTICE), VAN SYCKEL, GUMMERE, LIPPINCOTT, LUDLOW, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.     10.

*For reversal*—MAGIE (CHANCELLOR).     1.